## No. 23.

### John Berkery *v.* William Carroll.

1. A judgment cannot be enjoined upon grounds which were available as a defence in the original cause.
2. The action to annul a judgment, for fraudulent practices in its obtention must be brought within one year from the date of the discovery of the fraud. C. P. 613.

*Appeal from the late Fifth District Court, for the Parish of Orleans. Cullom, Judge.*

*J. Tharp* for plaintiff, appellant.

*McPhelin & Healy* for defendant, appellee.

The opinion of the Court was delivered by MAX. DINKELSPIEL, Esq., member of the bar, acting in the place of JUDGE McGLOIN, recused, having been of counsel in the case.

The record presents the following facts: Plaintiff, on the 6th of June, 1873, filed his suit in the late Fifth District Court for the parish of Orleans, alleging that the defendant was indebted unto him in the sum of five hundred dollars by virtue of his being the owner and holder of a promissory note of the defendant for that sum. The note in question was filed with

and made part of the petition; citation. in due form of law issued, and the defendant, on the 10th of June, was served in person. On the 23d day of June, judgment by default was had, which was confirmed on the 26th of same month; thereupon, and for the first time in this proceeding, defendant appeared and files a motion for a new trial; alleging, first, that the judgment was contrary to the law and the evidence; second, that the suit in question was based on an obligation which was null, void and of no effect, because not stamped in accordance with law; and third, that the signature of the note was not proven. This motion for a new trial was argued and disposed of, the same having been overruled, and the judgment herein made final on the 3d day of July, 1873, execution issued, and on the 5th day of September, 1874, the defendant filed his petition for an injunction to stay the *fi. fa.*, which was granted. This case is the one now before us; but to properly understand it, it was necessary to state the nature of the judgment enjoined. It is clear that throughout this entire proceeding, defendant in the original suit, and the plaintiff herein, has mistaken his remedy; that every allegation for his petition for the "injunction" should have been plead (if at all) to the merits of the original suit. The fraud charged to Berkery in the procurement and disposition of the note, the alleged fact of its being without consideration, were all matters of defence, and should have been urged in that suit, and did not warrant the injunction proceedings. The only other issue raised was the one of fraud in plaintiff being lulled to sleep by the defendant informing him that the suit itself was an error of his attorney, and that the defendant need pay no heed to it. If this be true, then the petition was fatally defective in form, and no testimony was offered under it to prove that this statement, so material, was made within the time prescribed by law, and the exception of the prescription of one year interposed was well taken. Art. 613 of our Code of Practice is positive on this subject and leaves no room for doubt. It reads: "When a judgment has been obtained through fraud on the part of the

plaintiff, or because the defendant had lost or mislaid the receipt given to him by the plaintiff, the action for annuling such judgment must be brought within the year after the fraud has been discovered, or the receipt found." See also in this connection the case of Stafford vs. Smith, 6 L. 91; Farrar and Wife vs. Silvan Peyroux, 7 R. 92, and Wheat vs. The Union Bank of Louisiana, 7 R. 94. The article of the C. P. 607, and the authorities found in appellant's brief have no application to the case at bar. The writ of injunction in this case was abused by the defendant, Carroll, but there being no prayer for damages, none are given.

Judgment affirmed.